**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DISTRICT**

| | | |
|---|---|---|
| WANDA HO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. |
| | ) | |
| MARY CRANE LEAGUE, | ) | |
| | ) | |
| Defendant. | ) | |

## **COMPLAINT**

The Plaintiff WANDA HO (hereinafter referred to as "HO") and for her complaint against the Defendant MARY CRANE LEAGUE (hereinafter referred to as "MARY CRANE") states:

### **COUNT I -
Title VII of the Civil Rights Act of 1964,
as amended by the Civil Rights Act of 1991**

1.    This is an action brought for damages sustained by HO by reason of MARY CRANE's violation of her civil rights under Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991.

2.    At all times relevant hereto, HO was and is a citizen of the United States, is a resident of the Northern District of Illinois and is Asian.

3.    At all times relevant hereto, MARY CRANE was a not-for-profit corporation organized and existing under the laws of the State of Illinois with its principal place of business located at 4006 W. Lake Street, Chicago, Illinois 60624.

1

4. At all times relevant hereto, MARY CRANE was an "employer" within the meaning of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991.

5. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343.

6. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391 since the complained of conduct occurred in this district.

7. On or about December 6, 2010, HO was hired by MARY CRANE to the position of Director of Finance and Operations.

8. As Director of Finance and Operations, HO was responsible for overseeing MARY CRANE's Accounting Department, including overseeing federal contracts, prepare the agency budget and also served as the liaison for the funding sources.

9. From the date of HO's hire to the beginning of April, 2023, HO received favorable performance reviews and accolades concerning her work performance from her superiors at MARY CRANE.

10. At all times relevant hereto and during HO's employment, it was the policy of MARY CRANE not to discriminate against an employee on the basis of his or her national origin under Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991.

11. Nevertheless, commencing in or about March, 2021, MARY CRANE discriminated against HO on the basis of her national origin, namely, being Asian.

2

12.     Specifically, on March 12, 2021, HO proposed a salary increase for five selected staff, including Andy Navarro, Senior Accountant, and herself.

13.     On March 17, 2021, Nancy Abbate (Caucasian), interim Executive Director, advised HO that this request should not be sent out or brought up at the Finance Committee Meeting on March 22, 2021 because of human resources considerations and staff evaluations to be completed.

14.     Nevertheless, on or about August 2, 2021, Bethzaida Rivera, a non-Asian, received a salary increase.

15.     On August 17, 2021, HO sent an email to Ms. Abbate, a non-Asian, reminding her of her request for a salary increase and that she had lost many vacation days especially in the past few years because of her dedication to her job.

16.     On August 18, 2021, Ms. Abbate responded to HO and indicated that she wanted to review her submission and would get back to her.

17.     Despite her representation, Ms. Abbate did not get back to HO for the rest of 2021 because of her national origin.

18.     On February 25, 2022, Ms. Abbate sent HO an email which indicated that she did not forget about Andy Navarro but clearly ignored HO's request for a salary increase.

19.     Notwithstanding that HO did not receive any salary increases, other employees who were not Asian at MARY CRANE, did receive salary increases during this same time period.

20.     On July 3, 2023, Kristina Phillips, CEO of MARY CRANE and a non-Asian, discriminated against HO on the basis of national origin by giving her a lower percentage of salary increments and a single salary increase for the past two years.

21.     By way of background, on April 6, 2023, HO received an excellent job performance evaluation for the period of October, 2020 to April 6, 2023 as Director of Finance and Operations.

22.     That salary increase was substantially less than the increases given to other employees of MARY CRANE, including Bethzaida Rivera, HR Director and a non-Asian.

23.     Moreover, on December 8, 2023, Kristina Phillips discriminated against HO on the basis of her national origin by creating a hostile work environment directed against HO.

24.     Ms. Phillips terminated Min Yang ("Lily") (Asian) and made it very difficult for HO to operate her department since there was only one remaining accountant at MARY CRANE by virtue of Lily's termination.

25.     To complicate matters, MARY CRANE delayed replacing Lily's position.

26.     Despite HO advising MARY CRANE of the hostile work environment created by Ms. Phillips, MARY CRANE did nothing to remedy the situation.

27.     MARY CRANE has, therefore, discriminated against HO by allowing this hostile work environment to continue in violation of her rights under Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991.

28.     On March 15, 2024, HO filed a charge of discrimination with the Equal Employment Opportunity Commission.

29.     On March 25, 2024, the Equal Employment Opportunity Commission issued HO a notice of right to sue. A true and correct copy of this notice is attached hereto as ***Exhibit A***.

30.     Less than ninety days have expired since HO's receipt of the notice of right to sue.

31.     MARY CRANE's violation of HO's rights under Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, has caused HO pecuniary damages.

WHEREFORE, the Plaintiff WANDA HO requests that this Court enter judgment in her favor and against the Defendant MARY CRANE LEAGUE as follows:

a.      Enjoining MARY CRANE from engaging in such unlawful employment practices as alleged in this complaint.

b.      Making HO whole as to all salary, benefits and seniority status that would have accrued but for the civil rights violations committed by MARY CRANE.

c.      Awarding HO compensatory damages and punitive damages pursuant to Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991.

d.      Awarding HO injunctive relief from MARY CRANE engaging in a hostile work environment.

5

e.   Awarding HO attorney's fees, costs and prejudgment interest pursuant to 42 U.S.C. § 2000(e-5)(k).

f.   Awarding HO such other relief as this Court may deem appropriate.

THE PLAINTIFF DEMANDS TRIAL BY JURY.

**COUNT II -**
**Violation of Section 704(a) of the Civil Rights Act Of 1964**
**As Amended By The Civil Rights Act Of 1991**

1.   This is an action brought for damages sustained by HO by reason of MARY CRANE's violation of her civil rights under Section 704(a) Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991.

2-9.   HO repeats, realleges and incorporates paragraphs 2 through 9 of Count I as paragraphs 2 through 9 of Count II.

10.   At all times relevant hereto and during HO's employment, it was the policy of MARY CRANE not to retaliate against an employee because he or she opposed various policies or practices which constituted unlawful employment practices in violation of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991.

11.   Notwithstanding MARY CRANE's policy of not retaliating against an employee because he or she was opposing various practices which constituted unlawful employment practices in violation of Title VII of the Civil Rights Act of 1964, MARY CRANE retaliated against HO because she made a claim of national origin discrimination on or about April 19, 2023.

12.     On or about April 19, 2023, HO had a telephone conversation with Ms. Phillips.

13.     During this conversation, HO advised Ms. Phillips that she had been discriminated against by MARY CRANE for the past two years based on her national origin.

14.     She further related to Ms. Phillips that if she did not bring this national origin discrimination to her that such discrimination would continue and there would be a continuous hostile work environment directed to her based on her national origin.

15.     HO then described the various incidents that occurred in 2021 and 2022 concerning requests for salary increases that were ignored by the company on the basis of her national origin.

16.     During this telephone conversation, Ms. Phillips told HO that she would address the salary increases soon.

17.     Instead of resolving this matter, commencing in May, 2023, Ms. Phillips started to retaliate against HO by imposing extra scrutiny and/or unwarranted disciplinary measures in her finance department.

18.     Ms. Phillips also created chaos and upheaval in HO's department by not only executing the sudden job termination, Ms. Phillips also imposed extra scrutiny and unwarranted disciplinary measures on various members of HO's teams for no reason.

19.     For example, on June 2, 2023, while HO was on vacation, Ms. Phillips called her and requested that she attend an emergency Zoom meeting.

20.     At this meeting, Ms. Phillips demanded that Andy Navarro work a full day in the office because she heard that he might have a second job.

21.     She also demanded that HO write up Mr. Navarro.

22.     Also, on June 2, 2023, HO wrote an email to Lily about Ms. Phillips' emergency Zoom meeting and inquired as to what Ms. Phillips said that made Lily cry.

23.     On December 8, 2023, Ms. Phillips advised HO that she had terminated Min Yang ("Lily") because she shared confidential salary information with other staff.

24.     On March 1, 2024, while Ho was attending a leadership meeting, Ms. Phillips said she wanted all leadership members to work in the office from 9:00 a.m. to 5:00 p.m. three days a week.

25.     While HO indicated there may be problems with those hours because of vehicular traffic, Ms. Phillips indicated that she wanted camera apps installed on her phone so she could be watching HO to insure that she gets there on time.

26.     On that same day, Ms. Phillips came by while HO was speaking to the COO.

27.     HO said goodbye to Ms. Phillips who totally ignored her.

28-34. HO repeats, realleges and incorporates paragraphs 20 through 26 Count I as paragraphs 28 through 34 of Count II.

35.     MARY CRANE's violations of HO's civil rights under Section 704(a) of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991 has caused HO pecuniary damages.

WHEREFORE, the Plaintiff WANDA HO requests that this Court enter judgment in her favor and against the Defendant MARY CRANE LEAGUE as follows:

   a.   Enjoining MARY CRANE from engaging in such unlawful employment practices as alleged in this complaint.

   b.   Making HO whole as to all salary, benefits and seniority status that would have accrued but for the civil rights' violations committed by MARY CRANE.

   c.   Awarding HO compensatory damages and punitive damages pursuant to Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991.

   d.   Awarding HO attorney's fees pursuant to 42 U.S.C. § 2000(e-5)(k) and prejudgment interest.

   e.   Awarding HO such other relief as this Court may deem appropriate.

THE PLAINTIFF DEMANDS TRIAL BY JURY.

Respectfully submitted,

/s/ Joel F. Handler
Joel F. Handler (#1115812)
One E. Wacker Drive, Suite 3800
Chicago, Illinois 60601
(312) 832-0008
jhandler@handlerlawgroup.com
Attorney for the Plaintiff,
WANDA HO

9